**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARVELLE J. BALLENTINE,**

    **Plaintiff,**

v.                                                          Case No.   6:26-cv-00286-AGM-DCI

**ACCENTURE LLP; DEVIN S. ANDERSON; KIRKLAND & ELLIS LLP; META PLATFORMS, INC.; AND CHRISTOPHER W. KEEGAN**

    **Defendants.**

___

## ORDER TO SHOW CAUSE

THIS CAUSE comes before the Court *sua sponte* on review of Plaintiff Marvelle Ballentine's Amended Complaint. (Doc. # 4.) On February 11, 2026, Mr. Ballentine filed the Amended Complaint against Defendants Accenture LLP ("Accenture"); Devin S. Anderson; Kirkland & Ellis, LLP ("Kirkland"); Meta Platforms, Inc.; and Christopher W. Keegan asserting defamation, civil conspiracy to defame, and intentional infliction of emotional distress claims arising out of a defamatory publication. (Doc. # 4.) Mr. Ballentine asserts subject matter jurisdiction based on diversity of citizenship.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to

inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Mr. Ballentine has failed to properly allege the citizenship of Accenture and Kirkland. Therefore, the Court is unable to determine whether the diversity of citizenship requirement has been satisfied.

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365 (1978).

Mr. Ballentine asserts that there is complete diversity of citizenship. (Doc. # 4 at ¶ 7.) Mr. Ballentine, however, has not properly alleged the citizenship of Accenture or Kirkland, alleging only that:

> Defendant Accenture LLP ("Accenture") is a limited liability partnership whose partners are each citizens of States other than Florida; none is a citizen of Florida. Accordingly, Accenture LLP is not a citizen of Florida for purposes of diversity jurisdiction. ... Defendant Kirkland & Ellis LLP ("Kirkland") is a limited liability partnership whose partners are each citizens of States other than Florida; none is a citizen of Florida. Accordingly, Kirkland & Ellis LLP is not a citizen of Florida for purposes of diversity jurisdiction.

(*Id.* ¶¶ 11, 13.) Based on Mr. Ballentine's allegations, both Accenture and Kirkland are limited liability partnerships ("LLP").

It is insufficient to allege citizenship in the negative, i.e., that a party is not the citizen of a particular state. *See Cameron v. Hodges*, 127 U.S. 322, 324–25 (1888*)*; *AFC Franchising, LLC v. Purugganan*, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320–21 (7th Cir. 2002). Additionally, it is well

2

established that an LLP is a citizen of any state of which a partner of that entity is a citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). Therefore, to properly allege the citizenship of Accenture and Kirkland, Mr. Ballentine must provide the Court with a list identifying the citizenship of each member of Accenture and Kirkland.[1] Failure to do so will require dismissal without prejudice of this action for lack of subject matter jurisdiction. *See Hedge Capital Inv. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014)[2] ("Complete diversity is an absolute requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.").

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" *see Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010), the Court will afford the party invoking jurisdiction an opportunity to submit sufficient information to establish this Court's diversity jurisdiction over the instant action.[3]

---

[1] Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125–27 (1st Cir. 2011); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

[2] Unpublished opinions of the Eleventh Circuit generally constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2 and I.O.P. 6. This opinion, however, summarizes published case law describing the standard.

[3] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit decisions issued in 2017. *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. Plaintiff Marvelle Ballentine is **ORDERED** to show cause within 14 days why the case should not be dismissed for failure to sufficiently allege diversity of citizenship to support federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**DONE** and **ORDERED** this 17th day of February 2026, in Chambers, in Orlando, Florida.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

4